ELECTRONICALLY FILED
8/31/2021 6:15 PM
01-CV-2021-902880.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

FILED
2021 Sep-08  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **SANDRA C. HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | |
| ) | |
| **THE TOWN OF BROOKSIDE,** ) | **Jury Trial Demanded** |
| **ALABAMA; and MICHAEL** ) | |
| **JONES, individually and in his** ) | |
| **capacity as Chief of Police of the** ) | |
| **Town of Brookside, and A and B** ) | |
| **being those persons committing the** ) | |
| **acts complained of herein, but who** ) | |
| **will be added by amendment when** ) | |
| **their identities are ascertained,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff brings this action for appropriate declaratory, injunctive and monetary relief against the above defendants, and as grounds:

## PARTIES TO THE COMPLAINT

1.     The Plaintiff, Sandra C. Harris, is an adult grandmother residing in western Jefferson County, Alabama.

2.     The Town of Brookside ("Brookside") is a municipal corporation located within the Birmingham Division of Jefferson County, Alabama.

3.     Defendant Michael Jones is the Chief of police of Brookside and is over

1

19 years of age and a resident of Shelby County, Alabama.   He is the chief executive officer of the police department of Brookside, directing law enforcement by Brookside's police force.

4.     The individual fictitious defendants are the Brookwood police officers who committed the acts complained of against Plaintiff. They will be added as named parties defendant when their identities are determined through discovery.

## FACTS

5.     Plaintiff Harris frequently drives on Interstate 22 in Jefferson County, going through the police jurisdiction of Brookside. On occasion she exits the Interstate in order to visit her daughter who resides in Brookside.

6.     Brookside is a town of approximately 1,300 citizens, having only two-lane roads, one commercial business, no stop lights and is predominately separated from Interstate-22 by unincorporated land.   Yet Brookside has 8 full-time and some part-time police officers, but only a voluntary fire department.

7.      The police jurisdiction of Brookside is limited by Alabama law to 1.5 miles due to its limited population. There is nothing marked to delineate where the police jurisdiction of Brookside might be, and Brookside officers arbitrarily write on tickets "near Cherry Avenue" as was done to Plaintiff Harris here.

8.     Brookside operates a municipal court which imposes fines and court

costs for violations within the town limits and within its police jurisdiction. State law prohibits towns the size of Brookside from issuing speeding tickets on interstate highways. [Code of Ala. 32-5A-171(8)].

9.      Not having speeding as a source of revenue, Brookside has resorted to claims of obscure possible violations as justification for stopping and searching motorists.   For an extended period, hundreds of motorists were stopped and prosecuted for violating a code section which was not a violation unless prescribed actions were taken by the state law enforcement agency and the Alabama Department of Transportation. (Code of Ala. 32-5-77). Such preliminary steps were never taken, yet motorists continued to be stopped, searched and fined. Another ruse often used is the stopping of motorists on the Interstate for having one tag light out or having too bright a tag light.

10.      Brookside has operated its police and court system with the primary objective of obtaining revenue from motorists travelling on or near Interstate-22. It has had a continued practice of stopping and ticketing scores of vehicles daily, doing so without probable cause or reasonable suspicion of wrongdoing.

11.      Brookside has continued to treat Interstate-22 as a source for harvesting revenue, continuing to harass drivers who were merely driving past Brookside. The motive for the unconstitutional seizure of Plaintiff and others was to generate

revenue for Brookside. The revenue generated by the Brookside police and court has multiplied yearly, from $51,473 in 2017, the year before Jones became police chief, to $610,307 in fiscal 2020, the period from 10/1/19 to 9/30/20.

12.     Brookside has used obscure and inapplicable code sections as a basis for stopping motorists.   Once stopped, motorists like plaintiff here were detained while their persons, belongings and vehicles were searched.   Defendants have brought additional charges against such persons, imposing enormous fines, costs and bonding fees as well as additional charges for towing and release of vehicles.   One example is the standard charge of $175 for the clerk merely signing a form which will authorize the town's contracted wrecker to release an impounded vehicle to its owner once a similar fee is paid for the towing. .

13.     Defendant Jones is the Chief of Police of Brookside and directs the department and sets its policies and practices. He is involved in the stopping and searching of motorists along with the police officers of Brookside. He has allowed and fosters the sort of actions complained of herein.

## SPECIFIC FACTS RELATED TO PLAINTIFF

14.     Plaintiff Harris had left her employment and was driving to the apartment of her daughter on January 8, 2021 at nearly 5:00 p.m.   She exited Interstate-22 at the Cherry Avenue Exit and then turned left onto Republic Road, an

area outside of the city limits of Brookside, but within its police jurisdiction.

15.    Plaintiff drove past a large black SUV parked at the exit ramp. The SUV had tinted windows and bore no insignia or lights to indicate that it was a police vehicle.   As it was getting dark, plaintiff turned on her headlights.

16.    As plaintiff was driving away from the interstate exit, she noted the black vehicle crossing the yellow line and passing two vehicles which were behind her. Plaintiff was not speeding and was obeying all traffic laws. The black vehicle turned on blue lights, and plaintiff pulled to the right and stopped her car.

17.    A tow truck was approaching and parked near plaintiff's vehicle. The unknown Brookside police officer aggressively approached her and accused her of flickering her lights. This officer and others were dressed totally in black from head to toe. Plaintiff had called her husband on her cell phone. The officer stated that he would also arrest the husband if he came there. This statement was made before the possible occurrence of any offense for which Plaintiff was later charged.

18.    Plaintiff was not allowed to get her insurance papers and was told to get out of her car. Plaintiff requested that a police supervisor come to the scene, and the response was that one was on the way there. The supervisor arrived and jerked the car door open and told plaintiff that she was under arrest.

19.    Being afraid, plaintiff dialed 911 on her cell phone.   It was snatched

from her hand and thrown to the ground, cracking it.  Plaintiff was put into the police vehicle while the officers searched for drugs, searching her car and trunk, dumping her purse and bags.  As Plaintiff was scheduled to have surgery in two days, she had antibiotics in her purse.

20.    Plaintiff was taken to the town jail and put into a cell. She asked to make a phone call but was told that they could hold her for 48 hours. Plaintiff was made to remove all of her clothes and was invasively searched by a female employee at the jail.

21.    Plaintiff suffers from asthma and had a panic attack at the jail.  She knocked on the cell door and was told that if she continued to do so she would be charged with attempting to escape. She was given her inhaler but still had trouble breathing. The paramedics came and checked plaintiff, finding her blood pressure and pulse to be extremely high.  Oxygen was administered to plaintiff and eventually her condition improved without Plaintiff being taken to a hospital. She refused the option of being taken there by a Brookside police officer.

22.    Although Plaintiff's family had secured a professional bondsman to obtain her release, Plaintiff was told that she had to remain in jail until the arresting officer completed the paperwork. Plaintiff was finally released after midnight.

23.    Brookside charged a fee of $175.00 for signing one of its forms which

would authorize the wrecker company to release Plaintiff's vehicle. The wrecker company charged $165.00 more for towing her vehicle to its lot.

24.     Plaintiff learned what she was charged with only when she was released from jail.    Of the six violations charged against Plaintiff, the only moving violation was Code of Ala. 32-5-17, entitled "Nuisance of casting lights from motor vehicle on real property at night; exceptions; penalty."   Plaintiff had no light source other than the headlights on her car, and this allegation was completely unfounded and but an excuse to justify stopping and searching her vehicle.

25.     Plaintiff was also charged with the following five offenses:

    (a)  RESISTING ARREST, "tighten arm muscles from getting handcuff"

    (b)  FALSE REPORTING 911 CALL;

    (c)  FAILURE/REFUSAL TO DISPLAY INSURANCE;

    (d)  OBSTRUCTING GOVERNMENT OPERATIONS. "refused to give proper papers on vehicle stop. Driver license/ insurance card/ caused a scene with T"

    (e)  DISORDERLY CONDUCT, "caused a scene yelling and causing alarm to others to come out of the houses".

26.   Plaintiff suffered mental anguish and physical abuse by the manner in

which she was treated by Brookside and its officers and employees.   The arrest and detention was painful and caused Plaintiff to suffer physically and emotionally.

27.   Plaintiff fears that she will be subjected to similar harassment by the Brookside police if she contests the stop and seizure of January 8, 2021.   She will need to go to the residence of her daughter in Brookside and fears further similar encounters with the police there.   She is familiar with the fact that scores of others have been stopped in similar fashion, including her daughter who has been stopped four times by Brookside, but never charged. Other persons have been stopped and searched over five times by Brookside.   Plaintiff has learned of other instances where persons who made complaints about their treatment by Brookside police were harassed as a result.

28.   Plaintiff was unlawfully detained by Brookside after she was stopped by the unknown officer who is named on the tickets or charging instruments only as "Agent   WS".   He   lacked   having   reasonable   suspicion   that   Plaintiff had committed a traffic violation. Such stop constitutes an illegal seizure of her person in violation of the Fourth Amendment of the U. S. Constitution. Plaintiff was unlawfully detained as a result of the constitutional violation.

## CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF PLAINTIFF BY THE UNNAMED BROOKSIDE OFFICERS WHO SEIZED HER.

Plaintiff incorporates the factual allegations contained herein.

29.     Plaintiff has suffered a seizure by the actions of the arresting officers, "Agent W S" and others who stopped and detained her in violation of her constitutional rights under the Fourth Amendment, with such having been done under color of state law in violation of 42 U.S.C. § 1983. The said action was without just or probable cause and without reasonable suspension. Such was done to subject her to illegal and improper search and seizure.

30.     Plaintiff suffered damage due to the intentional and unconstitutional actions of this defendant, being frightened and suffering mental anguish and being stopped, jailed and invasively searched, plus having to expend sums for bail, for the return of her vehicle and for her defense.

### COUNT II:
### VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF PLAINTIFF BY BROOKSIDE IN HER SEIZURE

Plaintiff incorporates the factual allegations contained herein.

31.     Plaintiff was subjected to an illegal seizure and detention by the

9

Defendant Town of Brookside, being subjected to violation of her Fourth Amendment rights under the U.S. Constitution pursuant to 42 U.S.C. 1983. Brookside has a policy and/or practice of allowing its police officers to stop, seize, detain and/or search motorists travelling along and off of Interstate-22.

32.     The stop of Plaintiff as performed by "Agent W S" was a part of the much broader pattern and practice on the part of Brookside to seize motorists without probable cause or reasonable suspicion of wrongdoing, basing the seizure on claims of obscure or non-existent violations of criminal law as was done to Plaintiff. It has been the policy of Brookside to seize and charge thousands of persons each year similarly, prosecuting them to obtain revenue rather than seeking justice.

33.     Defendant Brookside was deliberately indifferent in allowing and enforcing the policy of using inapplicable law as the basis for stopping and seizing motorists such as Plaintiff.   The widespread use of that policy and practice caused the violation of Plaintiff's Fourth Amendment rights.

34.     Plaintiff suffered damage due to the intentional and unconstitutional actions of Brookside, being frightened and suffering mental anguish and being stopped, jailed and invasively searched. Plaintiff also incurred costs in securing her release and that of her vehicle plus her defense of unfounded charges.   Plaintiff fears that further similar violations will occur against her.

10

## COUNT III:
## VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF PLAINTIFF BY JONES IN HER SEIZURE

Plaintiff incorporates the factual allegations contained herein.

35.    Plaintiff was subjected to an illegal seizure and detention by the Defendant Jones, being subjected to violation of her Fourth Amendment rights under the U.S. Constitution pursuant to 42 U.S.C. 1983.   Brookside has a policy and/or practice of allowing its police officers to stop, seize, detain and/or search motorists travelling along and off of Interstate-22 in order to obtain revenue rather than pursuing legitimate law enforcement. That policy has been instituted by Jones as police chief and he has sanctioned its continuation and expansion as noted in paragraph 11 herein.

36.    The stop of Plaintiff as performed by "Agent W S" was a part of the much broader pattern and practice on the part of Brookside to seize motorists without probable cause or reasonable suspicion of wrongdoing, basing the seizure on claims of obscure or non-existent violations of criminal law as was done to Plaintiff. It has been the policy of Jones to seize and charge thousands of persons each year similarly, prosecuting them to obtain revenue rather than seeking justice.

37.    Defendant Jones was deliberately indifferent in allowing and enforcing

the policy of using inapplicable law as the basis for stopping and seizing motorists such as Plaintiff.   The widespread use of that policy and practice caused the violation of Plaintiff's Fourth Amendment rights.

38.    Plaintiff suffered damage due to the intentional and unconstitutional actions of Jones, being frightened and suffering mental anguish and being stopped, jailed and invasively searched. Plaintiff also incurred costs in securing her release and that of her vehicle plus her defense of unfounded charges.   Plaintiff fears that further similar violations will occur against her. She fears being punished for seeking redress in this action.

## COUNT IV:
## FALSE ARREST AND IMPRISONMENT OF PLAINTIFF BY UNNAMED BROOKSIDE OFFICERS IN VIOLATION OF THE FOURTH AMENDMENT

Plaintiff incorporates herein the factual allegations of this complaint.

39.    Plaintiff was falsely arrested and imprisoned by the unnamed Brookside officer defendants.   She was denied of her personal liberty and detained at the point of the unconstitutional seizure.   The defendants lacked probable cause or reasonable suspicion to believe that she had committed an offense.   Plaintiff was falsely arrested and imprisoned in violation of her Fourth Amendment rights as

protected by 42 U.S.C. 1983.

40.    Plaintiff was further detained and arrested without probable cause and charged with violation of Code of Ala. 32-5-17, with such being an inappropriate afterthought for the unconstitutional seizure of Plaintiff. Defendants later added additional charges and held Plaintiff in jail for hours, subjecting her to cruel and oppressive treatment.   Plaintiff did not commit the offense upon which the seizure was based.

41.    Plaintiff suffered physical pain and mental anguish as a result of the actions of the unnamed Brookside officers who falsely arrested and imprisoned her in violation of her constitutional rights. Plaintiff was caused to spend sums to secure her release and that of her vehicle, plus the cost of her defense.

## COUNT V:
## FALSE ARREST AND IMPRISONMENT OF PLAINTIFF BY DEFENDANT JONES IN VIOLATION OF THE FOURTH AMENDMENT.

Plaintiff incorporates herein the factual allegations of this complaint.

42.    Plaintiff was falsely arrested and imprisoned by the unnamed Brookside officer defendants.   She was denied of her personal liberty and detained after the unconstitutional seizure.   The defendants lacked probable cause or reasonable suspicion to believe that she had committed an offense.   Plaintiff was falsely arrested and imprisoned in violation of her Fourth Amendment rights as

protected by 42 U.S.C. 1983.

43.    After the unlawful stop, Plaintiff was further detained and arrested without probable cause or reasonable suspicion and charged with violation of Code of Ala. 32-5-17, an offense which plaintiff could not have committed. The officers needed an offense to justify their unconstitutional seizure of Plaintiff. Defendants later added additional charges and held Plaintiff in jail for hours, subjecting her to cruel and oppressive treatment.

44.    The stop of Plaintiff as performed by "Agent W S" was a part of the much broader pattern and practice on the part of Brookside to seize and prosecute motorists without probable cause or reasonable suspicion of wrongdoing.  It has been the policy of Brookside under the direction of Jones to seize and charge thousands of persons each year similarly, prosecuting them in order to obtain revenue rather than seeking justice.   Jones has intentionally encouraged and tolerated such behavior.

45.    Defendant Jones was deliberately indifferent in allowing and enforcing the policy of using inapplicable law as the basis for stopping and seizing motorists such as Plaintiff.   The widespread use of that policy and practice caused the violation of Plaintiff's Fourth Amendment rights.

46.    Plaintiff suffered physical pain and mental anguish as a result of the

actions of the unnamed Brookside officers who falsely arrested and imprisoned her in violation of her constitutional rights. Plaintiff was caused to spend sums to secure her release and that of her vehicle, plus the cost of her defense.

## COUNT VI:
## FALSE ARREST AND IMPRISONMENT OF PLAINTIFF BY BROOKSIDE IN VIOLATION OF THE FOURTH AMENDMENT.

Plaintiff incorporates herein the factual allegations of this complaint.

47.   Plaintiff was falsely arrested and imprisoned by the unnamed Brookside officer defendants.   She was denied of her personal liberty and detained after the unconstitutional seizure.   The defendants lacked probable cause or reasonable suspicion to believe that she had committed an offense.   Plaintiff was falsely arrested and imprisoned in violation of her Fourth Amendment rights as protected by 42 U.S.C. 1983.

48.   After the unlawful stop, Plaintiff was further detained and arrested without probable cause or reasonable suspicion and charged with violation of Code of Ala. 32-5-17, an offense which plaintiff could not have committed. The officers needed an offense to justify their unconstitutional seizure of Plaintiff. Defendants later added additional charges and held Plaintiff in jail for hours, subjecting her to cruel and oppressive treatment.

49.   The stop of Plaintiff as performed by "Agent W S" was a part of the

much broader pattern and practice on the part of Brookside to seize and prosecute motorists without probable cause or reasonable suspicion of wrongdoing.  It has been the policy of Brookside under the direction of Jones to seize and charge thousands of persons each year similarly, prosecuting them in order to obtain revenue rather than seeking justice. Brookside has allowed Jones to intentionally encourage such behavior, resulting in a financial bonanza for Brookside as noted in paragraph 11 herein.

50.    Brookside was deliberately indifferent in allowing and enforcing the policy of using inapplicable law as the basis for stopping and seizing motorists such as Plaintiff.   The widespread use of that policy and practice caused the violation of Plaintiff's Fourth Amendment rights.

51.    Plaintiff suffered physical pain and mental anguish as a result of the actions of the unnamed Brookside officers who falsely arrested and imprisoned her in violation of her constitutional rights. Plaintiff was caused to spend sums to secure her release and that of her vehicle, plus the cost of her defense.

### COUNT VII:
### UNLAWFUL ARREST AND IMPRISONMENT OF PLAINTIFF BY THE UNNAMED BROOKSIDE OFFICERS IN VIOLATION OF STATE LAW.

Plaintiff incorporates herein the factual allegations of this complaint.

52.    Plaintiff was  falsely  arrested  and  imprisoned  by  the  unnamed

Brookside officer defendants.   She was denied of her personal liberty and detained after the unconstitutional seizure.   The defendants lacked probable cause or reasonable suspicion to believe that she had committed an offense.   Additional charges were brought by Defendants against Plaintiff when she sought to complain about the stop and seizure.   Such action by the unnamed officers constituted false arrest and imprisonment under Alabama law.

53.    Plaintiff suffered physical pain and mental anguish as a result of the actions of the unnamed Brookside officers who falsely arrested and imprisoned her in violation of her statutory rights. Plaintiff was caused to spend sums to secure her release and that of her vehicle, plus the cost of her defense.

### COUNT VIII:
### UNLAWFUL ARREST AND IMPRISONMENT OF PLAINTIFF BY DEFENDANT JONES IN VIOLATION OF STATE LAW.

Plaintiff incorporates herein the factual allegations of this complaint.

54.    Plaintiff was falsely arrested and imprisoned by the unnamed Brookside officer defendants.   She was denied of her personal liberty and detained after the illegal seizure.   The defendants lacked probable cause or reasonable suspicion to believe that she had committed an offense.   Additional charges were brought by Defendants against Plaintiff when she sought to complain about the stop and seizure.   Such action by the unnamed officers constituted false arrest and

imprisonment under Alabama law.

55.    The defendant officers were acting at the direction of Defendant Jones who fostered and allowed the practice of Brookside officers to stop, search and charge motorists with offenses, doing so to obtain revenue from fines, fees, bond forfeitures and jail fees.   The detention of Plaintiff involved supervisory personnel of Brookside who acted in furtherance of the policy of Jones have uncontrolled seizure, detention and charging of motorists.

56.    Plaintiff suffered physical pain and mental anguish as a result of the actions of the unnamed Brookside officers who falsely arrested and imprisoned her in violation of her statutory rights. Plaintiff was caused to spend sums to secure her release and that of her vehicle, plus the cost of her defense.

## COUNT IX:
## UNLAWFUL ARREST AND IMPRISONMENT OF PLAINTIFF BY BROOKSIDE IN VIOLATION OF STATE LAW.

Plaintiff incorporates herein the factual allegations of this complaint.

57.    Plaintiff was falsely arrested and imprisoned by the unnamed Brookside officer defendants.   She was denied of her personal liberty and detained after the illegal seizure.   The defendants lacked probable cause or reasonable suspicion to believe that she had committed an offense.   Additional charges were brought by Defendants against Plaintiff when she sought to complain about the stop

and seizure.   Such action by the unnamed officers constituted false arrest and imprisonment under Alabama law.

58.    The defendant officers were acting at the direction of Defendant Jones and Brookside who fostered and allowed the practice of Brookside officers to stop, search and charge motorists with offenses, doing so to obtain revenue from fines, fees, bond forfeitures and jail fees.   The detention of Plaintiff involved supervisory personnel of Brookside who acted in furtherance of the policy of Brookside as administered by Jones, allowing police officers to have uncontrolled seizure, detention and charging of motorists.

59.    Plaintiff suffered physical pain and mental anguish as a result of the actions of the unnamed Brookside officers who falsely arrested and imprisoned her in violation of her statutory rights. Plaintiff was caused to spend sums to secure her release and that of her vehicle, plus the cost of her defense.

## COUNT X:
## FALSE ARREST AND IMPRISONMENT OF PLAINTIFF AGAINST BROOKSIDE BASED ON NEGLIGENT ACTION BY UNNAMED POLICE OFFICERS.

Plaintiff incorporates the factual allegations in this complaint.

60.    The unnamed Brookside officers falsely arrested and imprisoned

Plaintiff by negligently stopping and detaining her.   Under Alabama precedent, a false arrest may be actionable against the town as a result of negligence or carelessness by its police officers. (Ala. Code 11-47-190) Plaintiff has duly filed her affidavit of claim with the city clerk within 6 months of the illegal action.

61.    The pattern and practice of stopping motorists along I-22 by the Brookside police gave the officers the misconception that such behavior was sanctioned and not to be questioned.   Moreover, the lack of set policies or procedures by Brookside gave rise to the false arrest and imprisonment of Plaintiff, with it being the result of neglect, carelessness or unskillfulness in the line of duty.

62.    Brookside has been remiss in the training and supervision of its police officers, employing officers who had been terminated by other departments and without vetting prospective employees.   As a direct result of such neglect, municipal and individual liability should be imposed for the harm done to Plaintiff.

63.    Plaintiff suffered physical pain and emotional pain as a result of the said actions of Brookside and its agents, being caused to spend sums to recover her vehicle, to be released from jail and in her defense.

**COUNT XI:**
**FALSE ARREST AND IMPRISONMENT OF PLAINTIFF AGAINST DEFENDANT JONES BASED ON NEGLIGENT ACTION BY UNNAMED POLICE OFFICERS.**

Plaintiff incorporates the factual allegations in this complaint.

64.     The unnamed Brookside officers falsely arrested and imprisoned Plaintiff by negligently stopping and detaining her.   Under Alabama precedent, a false arrest may be actionable as a result of negligence or carelessness by its police chief.   Plaintiff has duly filed her affidavit of claim with the city clerk within 6 months providing notice of her complaint under state law.

65.     The pattern and practice of stopping motorists along I-22 by the Brookside police gave the officers the misconception that such behavior was sanctioned and not to be questioned.   Moreover, the lack of set policies or procedures by Brookside gave rise to the false arrest and imprisonment of Plaintiff, with it being the result of neglect, carelessness or unskillfulness in the line of duty. As the police chief and person responsible for the actions of Brookside's police officers, Jones has failed and refused to control those employees, allowing them total freedom to unlawfully stop, seize and charge motorists like Plaintiff who have done nothing wrong.

66.     Jones has been remiss in the training and supervision of Brookside's police officers, employing officers who had been terminated by other departments and without vetting prospective employees.   As a direct result of such neglect, Plaintiff was harmed as alleged herein.

67.    Plaintiff suffered physical pain and emotional pain as a result of the said actions of Jones, being caused to spend sums to recover her vehicle, to be released from jail and in her defense.

## COUNT XII:
## FALSE ARREST AND IMPRISONMENT OF PLAINTIFF BY THE UNNAMED BROOKSIDE OFFICERS NEGLIGENTLY VIOLATING PLAINTIFF'S RIGHTS UNDER STATE LAW.

Plaintiff incorporates the factual allegations in this complaint.

68.    The unnamed Brookside officers falsely arrested and imprisoned Plaintiff by negligently stopping and detaining her.   Under Alabama precedent, a false arrest may be actionable as a result of negligence or carelessness by its police officers.   Plaintiff has duly filed her affidavit of claim with the city clerk within 6 months providing notice of her complaint under state law.

69.    The pattern and practice of stopping motorists along I-22 by the Brookside police gave the officers the misconception that such behavior was sanctioned and not to be questioned.   Moreover, the lack of set policies or procedures by Brookside gave rise to the false arrest and imprisonment of Plaintiff, with it being the result of neglect, carelessness or unskillfulness in the line of duty.

70.    Plaintiff suffered physical pain and emotional pain as a result of the said actions of Jones, being caused to spend sums to recover her vehicle, to be released

from jail and in her defense.

## COUNT XIII:
## PLAINTIFF IS ENTITLED TO DECLARATORY AND INJUNCTIVE RELIEF AGAINST BROOKSIDE AND JONES.

Plaintiff incorporates the factual allegations contained herein.

71.    Plaintiff fears that she will be subject to further violations of a similar nature if she drives near or within the Town of Brookside.  Her rights under the Fourth and Fourteenth Amendments are subject to continued violation, as is her right to travel and to have access to the courts if protective relief is not granted. She has had relatives and others seized and detained by Brookside, often searched but not given any citation for any violations of law.

72.    As alleged herein in paragraphs 27, Plaintiff's apprehension about further contact with Defendants is justified and real.

73.    Defendants would suffer no prejudice if appropriate relief were granted pending a final hearing in this matter, as Plaintiff has clearly alleged an ongoing pattern of oppressive enforcement directed at motorists.

## RELIEF REQUESTED

**WHEREFORE**, PLAINTIFF respectfully prays that the Court will take jurisdiction of this cause and upon the final hearing grant her request for the following relief:

23

a) Grant Plaintiff appropriate actual and punitive damages for the violations of her rights complained of herein in an amount which would adequately compensate her;

b) Grant the costs of this action, including reasonable attorneys' fees; and

c) Grant any other relief to which Plaintiff may be entitled, including appropriate declaratory and injunctive relief to restrain defendants from further harassment of Plaintiff.

**TRIAL BY JURY IS DEMANDED ON ALL APPLICABLE CLAIMS**

Respectfully submitted,

Samuel Fisher - ASB-2675-E68S
Sidney Jackson - ASB-1462-K40W
Nicki Lawsen - ASB-2602-C00K
**Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC**
Ph – 205-314-0500
301 19th St. N.
Birmingham, AL 35203
sf@wigginschilds.com
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

William M. Dawson
ASB-3976-S80W
**Dawson Law Office**
1736 Oxmoor Rd., #101
Birmingham, AL 35209

Ph - 205-795-3512
bill@billdawsonlaw.com

*Attorneys for Plaintiff*

Address of Plaintiff Harris:

C/O Sidney Jackson, Esq.
Wiggins, Childs, Pantazis, Fisher
& Goldfarb, LLC
301 19th St. N.
Birmingham, AL 35203

Address of all Defendants for Service:

Town of Brookside, Alabama
c/o Town Clerk
2711 Municipal Drive
Brookside, AL 35036

Chief Michael Jones
Brookside Police Department
2711 Municipal Drive
Brookside, AL 35036